In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00081-CV


______________________________




RAY DALE HOOKS AND SHIRLEY HOOKS, Appellants



V.



THEDA FRITZ, INDIVIDUALLY, ET AL., Appellees




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 00-0250




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Ray Dale Hooks and Shirley Hooks, Appellants, attempt to appeal from a default judgment
signed January 8, 2003. Appellants filed a motion for new trial on January 30, 2003, but did not file
their notice of appeal until May 9, 2003. 

 When an appellant files a timely motion for new trial, motion to modify the judgment, motion
to reinstate, or request for findings of fact and conclusion of law, the notice of appeal must be filed
within ninety days after the date the judgment is signed. See Tex R. App. P. 26.1(a). In the present
case, the notice of appeal was due on April 9, 2003, thirty days prior to when they actually filed the
notice. 

 Further, the rule setting a longer timetable for a restricted appeal does not apply to a party
who has timely filed a postjudgment motion, as Appellants did in this case. Tex. R. App. P. 30. 
Accordingly, the notice of appeal was required to be filed within ninety days of the date the judgment
was signed by the trial court. Tex. R. App. P. 26.1.

 Because the notice of appeal was not filed timely, we are without jurisdiction over this
appeal. Id. 





 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 1, 2003

Date Decided: July 2, 2003





 



nt-family: Times New Roman"> We addressed this issue in detail in our opinion of this date on Prater's appeal in cause
number 06-07-00187-CR. For the reasons stated therein, we likewise conclude that error has not
been shown.

 We affirm the judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: August 8, 2008

Date Decided: September 15, 2008


Do Not Publish

1. Prater appeals from eight convictions. In cause number 06-07-00187-CR, he appeals from
his conviction of indecency with a child (A.C.P.) by sexual contact; in cause numbers 06-07-00188-CR through 06-07-00192-CR, he appeals his convictions of sexual assault of a child (A.C.P.). In
each of these cases, Prater was sentenced to twenty years' imprisonment, to run consecutively, and
$10,000.00 fines.

 Prater appeals his conviction in cause number 06-07-00193-CR of indecency with a child
(J.A.P.) by sexual contact. Prater was sentenced in this case to twenty years' imprisonment, to run
consecutively, and a $10,000.00 fine.

 Prater also appeals his conviction in cause number 06-07-00194-CR of aggravated sexual
assault of a child (T.L.P.). He was sentenced to life imprisonment, to run consecutively, and a
$10,000.00 fine.